J-S02021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| IFEANYI NWANI, | : | |
| | : | |
| Appellant. | : | No. 871 EDA 2018 |

Appeal from the Judgment of Sentence, January 24, 2018,
in the Court of Common Pleas of Delaware County,
Criminal Division at No(s): CP-23-CR-0007130-2014.

BEFORE: GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.: **FILED APRIL 11, 2019**

Ifeanyi Nwani appeals from a judgment of sentence that the trial court imposed after it revoked his probation on a technical violation. Specifically, Nwani did not attend court-ordered, sex-offender-treatment classes. The trial court sentenced him to full, back time and ordered him to remain incarcerated until he or his family obtained the funds to pay for the classes. Because he did not raise any of the issues he brings on appeal in the trial court, we affirm.

The trial court explained the procedural background as follows:

> [Nwani] pleaded guilty to Unlawful Restraint (M1) and Harassment (S) arising from an incident in which he sexually assaulted an 18-year-old female . . . [The trial court] imposed a sentence of time served to 23 months' imprisonment, to be followed by a two-year probationary period and a $200 fine.
>
> . . . [Nwani] was released on parole prior to serving his maximum term of imprisonment, but his parole was revoked

on March 23, 2016. After a ***Gagnon-II*** Hearing, [Nwani] was sentenced to serve the remainder of his sentence.

On April 7, 2016, [Nwani] filed a "Motion for Request of Evidentiary Hearing" wherein he complained that he was entitled to a jury trial on the original charge as well as a Petition to Remove Counsel. Both Motions were denied . . .

On April 19, 2016, [Nwani] filed a *pro se* Petition pursuant to Post-Conviction Relief Act (hereinafter PCRA) Petition, in which he again blamed counsel for his plea and argued that the sentence imposed was harsh and excessive [The trial court dismissed that PCRA Petition.] . . .

On May 5, 2017, a bench warrant was issued for [Nwani] pursuant to a probation violation . . . a ***Gagnon-II*** Hearing was held. [The trial court] sentenced [Nwani] to 5 – 23 months in Delaware County Prison and to complete the sex-offender program on the street and have an improved parole plan prior to release. On November 1, 2017, [the trial court] received a letter from [Nwani], including unfounded complaints about his probation officer.

On December 5, 2017, another bench warrant was issued for [Nwani], due to his failure to show up to sex-offender treatment. A ***Gagnon-II*** Hearing was conducted on January 24, 2018 . . .

Trial Court Opinion, 3/29/2018, at 1, 4.

At that hearing, defense counsel represented Nwani. Counsel argued that Nwani could not afford the $200 for the sex-offender-treatment classes. Nwani testified the treatment facilities would not accept his medical insurance and he was attempting to find a job.

The probation officer offered opposing evidence. He testified that Nwani had originally attended sex-offender classes at a facility that accepted his insurance. However, when he committed another crime, that facility removed Nwani from its program. The probation officer explained that:

- 2 -

the three places we had left he's going to have to pay for. That's just how it is. [Nwani] had about six weeks' notice to get up the 200 bucks. He didn't do it. You know, he didn't show up and say "Hey, look, I don't have money. I have $5, or I have $10." He just didn't show up. He didn't call me. He just didn't show up.

N.T., 1/24/2018, at 5-6.

The court inquired if Nwani had any family members who could pay for the treatment classes on his behalf. The probation officer indicated that he lived with his brother. The court asked Nwani if his brother could cover the $200. Nwani said, "Yes." *Id.* at 10.

Upon hearing this, the trial court found Nwani:

in violation and sentenced [him] to 486 days full back time, to comply with sex-offender treatment, report to adult probation and parole within 24 hours of release, [with allowance for] immediate parole upon an improved, parole plan and once payment for treatment is received.

Trial Court Opinion, 3/29/2018, at 1, 4. Accordingly, the trial court made his release contingent upon him or someone else paying the $200 for the sex-offender-treatment classes.

A week later, Nwani filed a *pro se* motion for reconsideration of his sentence. In it, he asserted that alleged, mitigating circumstances warranted his immediate release. The trial court denied that motion, and Nwani filed a timely, *pro se* notice of appeal to this Court, indicating he was simultaneously represented by a "court appointed (Public Defender)." Nwani's Notice of Appeal at 1.

Rather than ordering Nwani to comply with Pennsylvania Rule of Appellate Procedure 1925(b), the trial court immediately issued its 1925(a) Opinion. That Opinion addressed only the issue in Nwani's *pro se* motion for reconsideration – namely, whether the trial court abused its discretion by not considering the mitigating circumstances in sentencing Nwani. *See* Trial Court Opinion, 3/29/18, at 1, 4-6.

Nwani, unconstrained by a 1925(b) statement, has now abandoned that issue on appeal and rendered the analysis in the 1925(a) Opinion irrelevant to our review. His two, new issues on appeal are:

1. Did the trial court violate 42 Pa.C.S.A. § 9799.36(a) when it imprisoned Nwani for technical violations of probation, after he was unable to pay for the court-ordered, sex-offender-treatment classes, because he was indigent?

2. Did the trial court abuse its discretion by not considering Nwani's inability to pay for the court-ordered, sex-offender-treatment classes, before finding that he willfully violated his probation?

*See* Nwani's Brief at 4.

We will address Nwani's two issues together, because they both attack the validity of the probation-revocation hearing on identical grounds.

Nwani argues the trial court's failure to consider whether he could afford the sex-offender classes rendered the revocation proceeding defective under statutory law and this Court's constitutional holding in ***Commonwealth v. Mauk***, 185 A.3d 406, 409 (Pa. Super. 2018). *See* Nwani's Brief at 7, 9. Because he challenges the revocation proceeding's validity on statutory and

constitutional grounds, "our scope of review is plenary; our standard is *de novo*." ***Mauk***, 185 A.3d at 409.

We will address Nwani's statutory argument first. He claims that the trial court violated the following provision of the Sex Offender Registration and Notification Act (SORNA):

> A sexually violent predator who is not incarcerated shall be required to attend at least monthly counseling sessions in a program approved by the board and be financially responsible for all fees assessed from the counseling sessions. The board shall monitor the compliance of the sexually violent predator. If the sexually violent predator can prove to the satisfaction of the court that the sexually violent predator cannot afford to pay for the counseling sessions, the sexually violent predator shall nonetheless attend the counseling sessions, and the parole office shall pay the requisite fees.

42 Pa.C.S.A. § 9799.36.

However, Nwani never raised 42 Pa.C.S.A. § 9799.36 at the revocation hearing; thus, he did not afford the trial court an opportunity to decide if this SORNA provision applied to him. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Additionally, appellants' briefs must demonstrate where, in the record, they preserved issues for appellate review. ***See*** Pa.R.A.P. 2117(c). Nwani's brief does not comply with that Rule. Thus, based upon both of these procedural defects, we conclude that he has waived his statutory challenge to the validity of the proceedings below.

His constitutional argument under ***Mauk***, ***supra***, fairs no better.

In *Mauk*, a trial judge sentenced the defendant and 53 others, *en masse*, for contempt of court, because they had failed to purge a previous contempt. The trial court did this without allowing them representation of counsel or even providing them an opportunity to address the court. As such, whether Mauk raised his constitutional augments below was not an issue, because the trial court refused to hear him at all. The trial court had deprived him of his most fundamental Due Process right – namely, "the opportunity to be heard." *Id.* at 410 – 411 (*quoting Grannis v. Ordean*, 234 U.S. 385, 394 (1914)). Finding waiver in that situation would have perverted justice.

Here, by contrast, defense counsel represented Nwani, and the trial court allowed him to speak at length. Unlike *Mauk*, Nwani had every opportunity to assert that the federal constitution prohibited revocation of his probation without a determination that he could pay for the classes. Defense counsel could have brought *Bearden v. Georgia*, 461 U.S. 660 (1983) – the precedent we applied in *Mauk* – to the trial court's attention. Counsel did not, nor did counsel cite any other case relied upon in Nwani's brief to the trial court. Thus, Nwani has likewise waived his federal Due Process claim under Pa.R.A.P. 302(a).

Because Nwani failed to raise either of the two theories that he argues on appeal to the trial court, we dismiss them both as waived.

Judgment of sentence affirmed.

PJE Ford Elliott joins this Memorandum.

PJE Gantman concurs in the result.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/11/19</u>